UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
ZACHARY A FOX,                     :
                                   :
         Plaintiff,                :    Civ. No. 22-2228 (NLH)(AMD)
                                   :
    v.                             :    OPINION
                                   :
CUMBERLAND COUNTY                  :
DEPARTMENT OF CORRECTIONS,         :
                                   :
         Defendant.                :
_____:

APPEARANCE:

Zachary A. Fox
78033
Cumberland County Jail
54 W. Broad Street
Bridgeton, NJ 08302

    Plaintiff Pro se

HILLMAN, District Judge

    Zachary A. Fox, a state prisoner presently incarcerated in the Cumberland County Jail, New Jersey, has submitted a complaint under 42 U.S.C. § 1983.  ECF No. 1.[1]

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances,

---

[1] Plaintiff did not sign his complaint.  ECF No. 1 at 7.  The Clerk will be directed to send Plaintiff a signature page, and Plaintiff should sign and return the signature page.

however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an administrative fee of $52. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $52 administrative fee. A prisoner who is denied in forma pauperis status must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the filing fee, in installments, as follows.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted this Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that

3

was dismissed on the grounds that it was frivolous or malicious, or failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Plaintiff's in forma pauperis application lacks an account statement certified by a prison official.  ECF No. 1-1.  If Plaintiff alleges that prison officials refuse to provide him with a certified account statement, his application should include an affidavit stating the dates of any requests and names of involved prison officials.

CONCLUSION

For the reasons above, the Clerk will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[2]  The Clerk will be directed to reopen the matter once Plaintiff submits a new application or pays the filing fee.  An appropriate Order follows.

Dated: May 12, 2022                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).